UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                 Case No. 16-CR-95

CHARLES R. SZYMAN,

        Defendant.

**ORDER GRANTING ADJOURNMENT, EXCLUDING TIME
AND FOR SUPPLEMENTING THE RECORD**

On July 21, 2016, the Grand Jury returned an Indictment charging Dr. Charles R. Szyman with nineteen counts of knowingly and intentionally attempting to distribute and dispense unlawfully controlled substances, namely oxycodone, outside of his professional practice and not for a legitimate medical purpose. Dr. Szyman entered pleas of not guilty to each of the counts but the case was not immediately set for trial at the request of the defense. The case was designated complex, indicating that additional time would be necessary to allow the defense to review discovery and prepare for trial.

Szyman was originally represented by Attorney Michael J. Fitzgerald. At a status conference before the assigned magistrate judge on July 12, 2016, the minutes reflect that defense counsel was provided nine CDs, which was the bulk of discovery. Attorney Fitzgerald requested sixty days to review discovery and requested a further status conference. Time was excluded under the Speedy Trial Act to allow the defense to prepare and review the discovery. A further status conference was scheduled for September 12, 2016. On that date, the magistrate judge was advised that Dr. Szyman had retained new counsel. Although counsel had not yet appeared, the court

received a message from Attorney Beau Brindley that he was retained to represent the defendant on September 16, 2016.

After Attorney Brindley appeared, additional delays were requested and granted without opposition. The magistrate judge continued to exclude time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), and the case was ultimately set for trial for May 1, 2017, with a back-up date of June 26, 2017, because of a conflict with counsel's calendar. The May 1 date was lost due to a trial commitment for counsel for the defendant, and the June 26th date was later lost due to conflicting trial schedules for the chief prosecutor for the government. The case was eventually set to commence on October 16, 2017. On October 12, 2017, the court was advised by counsel that defendant was considering seeking an adjournment because of a family emergency.

The court thereupon set the matter for a telephone conference to address the potential motion. Attorney Brindley was reluctant to disclose the details or nature of the emergency out of respect for the privacy of the person whose condition could require him to seek the adjournment, but indicated he would be attending a meeting the afternoon of October 12 and would then be in a position to determine whether he needed the adjournment. Because of the number of witnesses the government had prepared to call at trial, including at least one out-of-state expert, as well as the need to notify potential jurors if the case had to be postponed, the court instructed Attorney Brindlely to promptly file his motion if he decided an adjournment was necessary. The government indicated it would not object to a true family emergency, and based upon the Attorney Brindley's indication that he was likely to need an adjournment, the court offered November 6 or November 13 as alternative trial dates, if the adjournment was granted.

Attorney Brindley filed his motion seeking an adjournment at 5:45 p.m. on October 12, 2017, and the government filed its response at 6:43 p.m. on the same date stating it would not

oppose the motion. Brindley's motion makes additional assertions regarding the alleged emergency that necessitated his request, but the only supporting document attached to the motion is a preprinted notification of rights and consent to treat form that purports to have been signed by the person requiring Attorney Brindley's care and attention on July 10, 2015. Attorney Brindley states in his motion that the person involved will not authorize the release any information to support his request for an adjournment.

This is not enough. The court granted the adjournment without objection from the government and rescheduled the trial to begin on November 13, 2017, despite the absence of the kind of independent third-party documentation the court requested, because of the late hour and the court's unavailability at the time to inquire further. The court also hereby excludes time under the Speedy Trial Act based on its finding that it is in the defendant's and the public's interest that counsel be prepared and focused on trial in order to proceed and that this interest outweighs the interest of both the government and the defendant in a speedy trial. Nevertheless, the court is concerned that it has still not seen the documentation that Attorney Brindley was directed to provide in support of his motion for an adjournment. Accordingly, counsel for the defendant is directed to provide the court with the third-party documentation supporting his claim of family emergency on or before October 30, 2017. Counsel shall either file the documentation by that time under seal or show cause for his failure to do so.

**SO ORDERED** this ___17th___ day of October, 2017.

                                                s/ William C. Griesbach
                                                William C. Griesbach, Chief Judge
                                                United States District Court