UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                          Case No. 16-CR-095

CHARLES SZYMAN,

        Defendant.

---

**GOVERNMENT'S CONSOLIDATED MOTIONS *IN LIMINE***

---

The United States, by its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and Matthew L. Jacobs and Laura S. Kwaterski, Assistant United States Attorneys for said district, respectfully moves this Court, *in limine*, to prohibit the defendant from presenting evidence, argument, or remarks designed to define reasonable doubt, to induce jury nullification; and other relief.

**I.    Background**

The defendant Charles Szyman, who is a doctor of osteopathic medicine, is charged with nineteen (19) counts of violating the Controlled Substances Act by prescribing various controlled substances, primarily Oxycodone and Morphine, outside of the usual course of professional medical practice and not for a legitimate medical purpose in violation of Title 21, United States Code, Section 841(a)(1).

1

**II.     Motion to Bar Defendant from Defining Reasonable Doubt.**

The term "reasonable doubt" should not be defined by the trial court or counsel. *E.g., United States v. Anderson*, 303 F.3d 847, 857 (7th Cir. 2002); *United States v. Reynolds*, 64 F.3d 292, 298 (7th Cir. 1995). That is because any attempt to define the term "presents a risk without any real benefit"—that is, any definition of the term often leans toward "misleading refinements" that "weaken and make imprecise the existing phrase." *Reynolds*, 64 F.3d at 298; *see also Anderson*, 303 F.3d at 857 (government argument was proper because "it was invited by defense counsel's own improper attempt to define the reasonable doubt standard"); *United States v. Blackburn*, 992 F.2d 666, 668 (7th Cir. 1993) (noting that definitions of reasonable doubt have a likelihood of "confus[ing] juries more than the simple words themselves"). For these reasons, the Seventh Circuit has held that "it is improper for attorneys to attempt to define the term [reasonable doubt]." *United States v. Thompson*, 117 F.3d 1033, 1035 (7th Cir. 1999); *see also United States v. Clancy*, No. 96–3317, 1999 WL 265164, at *8 (7th Cir. 1999); *United States v. Bruce*, 109 F.3d 323, 329 (7th Cir.1997); *United States v. Alex Janows & Co.*, 2 F.3d 716, 722–23 (7th Cir. 1993) ("It seems simple enough; we admonish counsel, do not define 'reasonable doubt' to a jury.").

In prior cases, Attorney Brindley has defined "reasonable doubt" or defined what does or does not constitute proof beyond a reasonable doubt, which is implicitly

2

defining reasonable doubt, during closing arguments.[1] Because Attorney Brindley has been alleged to make such arguments in the past and has been admonished by at least one trial court for making such arguments, the United States moves this Court to bar this line of argument at defendant Szyman's trial.

**III.     Evidence or Argument Designed to Elicit Jury Nullification**

Next, the United States moves this Court to preclude defendant from arguing jury nullification or otherwise presenting evidence or pursuing lines of inquiry designed to elicit jury nullification. As this Court knows, it is improper for a defendant to suggest in any way that the jury should acquit him even if it finds that the government has met its burden of proof. *See*, *e.g.*, *Smith v. Winters*, 337 F.3d 935, 938 (7th Cir. 2003) (stating, in the context of Illinois felony-murder statute, that "[a] defendant has of course no right to ask the jury to disregard the judge's instructions . . . [a] defense that the law he is charged with violating is a bad law that the jury should refuse to enforce is no defense at all") (*citing*, *inter alia*, *Gibbs v. VanNatta*, 329 F.3d 582, 584 (7th Cir. 2003)) ("A defendant's lawyer is not permitted to argue to the jury that it should disregard the law; nor does the judge let on to the jury that it has the power to acquit in the teeth of the law"); *United*

---

[1] *See e.g., United States v. Vargas*, Case No. 14 CR 579 (N.D. Ill.), R. 118 (order to show cause); *United States v. Galicia*, Case No. 01 CR 757 (N.D. Ill.) R. 632 (pretrial conference) (granting motion in limine regarding definition of reasonable doubt); *United States v. Palomino*, Case No. 11 CR 718 (N.D. Ill. June 12, 2014); *United States v. Bell*, Case No. 12 CR 516 (N.D. Ill. Oct. 23, 2013); *United States v. Lewisbey*, Case No. 12 CR 354 (N.D. Ill. Sept. 19, 2013); *United States v. Richards*, Case No. 10 CR 993 (N.D. Ill. June 18, 2014).

3

States v. Bruce, 109 F.3d 323, 327 (7th Cir. 1997) ("Jury nullification is 'not to be positively sanctioned by instructions,' but is to be viewed as an 'aberration under our system'") (*quoting United States v. Anocmon*, 716 F.2d 446, 480 (7th Cir. 1983)); *see also United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996).

Although the United States requests that the Court forbid all forms of argument designed to induce jury nullification, the government requests that the Court expressly forbid jury nullification arguments based on the potential term of imprisonment in this case. It is well established that unless a jury has a sentencing role, such as in cases involving capital offenses, it "should be admonished to reach its verdict without regard to what sentence might be imposed." *Shannon v. United States*, 512 U.S. 573, 579 (1994) (quotations, footnotes, and citations omitted); *see also Aliwoli v. Carter*, 225 F.3d 826, 830 (7th Cir. 2000); *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997) (noting that "the practice of informing juries about the sentencing consequences of their verdicts is strongly disfavored"). This basic principle even applies to cases involving mandatory minimum penalties. *See Shannon*, 512 U.S. at 586 (recognizing that "as a general matter, jurors are not informed of mandatory minimum or maximum sentences"); *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997) (reasoning that the jury had no sentencing function and no statute required the jury to be informed of the consequences of its verdict).

Since evidence of the potential penalties faced by each defendant is irrelevant to

4

the jury's responsibilities, mention of such penalties to the jury only serves the improper purpose of jury nullification. *See, e.g., United States v. Reagan*, 694 F.2d 1075, 1080 (7th Cir. 1982) ("the authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial") (quoting *United States v. Greer*, 620 F.2d 1383, 1384 (10th Cir. 1980)). Therefore, any argument by defendants based on potential penalties if he were convicted should be precluded.

Additionally, although the United States requests that the Court forbid all forms of argument designed to induce jury nullification, the United States specifically requests that the Court expressly forbid jury nullification arguments based upon argument or evidence of defendant's lawful behavior. In an effort to distract the jury from the charges at issue, defendant may seek to admit evidence and testimony that, on prior occasions he acted in a lawful manner. For example, defendant may attempt to argue that he did not commit the charged offenses because he acted lawfully when issuing other prescriptions or committed other good acts. While the government acknowledges that defendant may be permitted to introduce limited testimony concerning his background and introduce character testimony as permitted by Rule 404 and 405, the government moves this Court to preclude the defendant from improperly presenting evidence of specific prior good acts.

A defendant may offer evidence of his pertinent character trait to "prove that on a particular occasion[,] [he] acted in accordance with the character or trait." Fed. R. Evid

5

404(a)(2)(A). However, the defendant is limited in the form that evidence may take: the defendant's pertinent character trait offered in the defendant's case "may [only] be proved by testimony about the person's reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). In this regard, "[p]roof that a defendant acted lawfully on other occasions is not necessarily proof that he acted lawfully on the occasion alleged in the indictment." *United States v. Heidecke*, 900 F.2d 1155, 1162 (7th Cir. 1990). Evidence of other lawful behavior is irrelevant because acts of honesty do not prove an absence of dishonest acts. *E.g., United States v. Burke*, 781 F.2d 1234, 1243 (7th Cir. 1985) ("Evidence that the defendant frequently performs lawful or laudable acts does not often establish that some subsequent act is also lawful or laudable."). To hold otherwise would be to eviscerate the limitations of Rule 405. *See Johnson*, 2011 WL 809194, at *4 (concluding, "evidence of specific lawful acts of Defendants is not properly introduced to show that Defendants did not have the requisite intent to commit the crimes charged").

Rule 405 is intended to prevent the series of wasteful "mini-trials" that would inevitably ensue if defendants were allowed to pursue this irrelevant line of inquiry. The Advisory Committee Notes for Rule 405 conclude that proof of character by means of specific acts "possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time." To the extent that defendant intends to offer evidence regarding his character, he should be permitted to do so only in accordance with Rule 405(a).

## IV. Motion to Bar Discovery Requests or Commentary Regarding Discovery in Presence of Jury

The United States respectfully moves to preclude the defendant from requesting discovery from witnesses or opposing counsel, moving the Court for such discovery, or otherwise commenting on discovery matters, in the presence of the jury. Such requests in front of the jury are inappropriate and may create the impression that the government has suppressed information as a means of seeking an unfair advantage. Thus, the jury might get the wrong impression that the government has somehow improperly withheld information it has already produced. In any event, these requests, if appropriate, can easily be made to the Court or opposing counsel outside the presence of the jury with no prejudice resulting to either side. Accordingly, the government moves that requests for discovery or comments relating to discovery be made outside the presence of the jury. *See generally Thompson v. Glenmede Trust Co.*, 1996 WL 529693 (E.D. Pa. 1996) ("Rather than focus on the issues in the case, the jury may instead be misled by the irrelevant side issues of the discovery process. Therefore, the Court will not permit either party to refer to the discovery process in the presence of the jury at trial.").

## CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court grant each of the government's motions *in limine*.

Respectfully submitted this 8th day of November, 2017.

                                                        GREGORY J. HAANSTAD
                                                       United States Attorney

                    By:    *s/ Laura S. Kwaterski*
                            MATTHEW L. JACOBS (WBN: 1017227)
                            LAURA S. KWATERSKI (WBN: 1055485)
                            Assistant United States Attorneys
                            Office of the United States Attorney
                            Eastern District of Wisconsin
                            517 East Wisconsin Avenue, Room 530
                            Milwaukee, WI 53202
                            Telephone: (414) 297-1700
                            Fax: (414) 297-1738
                            E-Mail: Matthew.Jacobs2@usdoj.gov