UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                          Case No. 16-CR-95

CHARLES R SZYMAN,

        Defendants.

**JURY INSTRUCTIONS**

## I. THE CHARGES AND EVALUATION OF THE EVIDENCE

### 1.01 FUNCTIONS OF THE COURT AND JURY

Members of the jury, you have seen and heard all of the evidence and are about to hear the closing arguments of the attorneys. I will now instruct you on the law that you must follow in deciding this case. As I said at the beginning of the trial, I will also provide you with several copies of these instructions so you can consult them during your deliberations, but hearing them now will help you to understand the arguments of the attorneys. You must follow all of my instructions about the law, even if you disagree with them.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

### 1.02 The Charge

The charge against the defendant is in a document called an Indictment. The Indictment in this case charges the defendant, Dr. Charles R. Szyman, with 19 counts of unlawfully distributing or dispensing controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. The defendant has pled not guilty to each count of the Indictment.

The Indictment is simply the formal way of telling the defendant what crime he has been accused of committing. It is not evidence of the defendant's guilt. It does not even raise a suspicion of guilt.

### 1.03 Presumption of Innocence/Burden of Proof

The defendant is presumed innocent of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case. A defendant is never required to prove his or her innocence. He is not required to produce any evidence at all.

### 2.01 The Evidence

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A

stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

### 2.02 CONSIDERING THE EVIDENCE

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

### 2.03 DIRECT AND CIRCUMSTANTIAL EVIDENCE

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

### 2.04 NUMBER OF WITNESSES

Do not make any decisions simply by counting the number of witnesses who testified about a certain point. You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses. What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

### 3.01 CREDIBILITY OF WITNESSES

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony, including that of the defendant. You may accept all of what a witness says, or part of it, or none of it. Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent statements or conduct by the witness.

### 3.02 ATTORNEY INTERVIEWING WITNESS

It is proper for an attorney to interview any witness in preparation for trial.

### 3.19 GOVERNMENT INVESTIGATIVE TECHNIQUES

You have heard evidence obtained from the government's use of undercover agents and deceptive investigative techniques. The government is permitted to use these techniques. You should consider evidence obtained this way together with and in the same way you consider the other evidence.

### 3.06 IMPEACHMENT BY PRIOR CONVICTION

You may consider evidence that a witness was convicted of a crime only in deciding the believability of his testimony. You may not consider it for any other purpose.

### 3.13 OPINION TESTIMONY

You have heard a witness, namely, Dr. Timothy King, who gave opinions and testimony about certain subjects, including proper medical purposes for prescribing the drugs at issue in this case. You do not have to accept this witness' opinions. You should judge this witness' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness' qualifications, how he reached his opinions and conclusions, and the factors I have described for determining the believability of testimony.

### 3.17 DEMONSTRATIVE SUMMARIES/CHARTS NOT RECEIVED IN EVIDENCE

Certain summaries were shown to you to help Dr. King explain other evidence that was admitted. Specifically, summaries of the thirteen patients to whom Dr. Szyman is charged with having illegally prescribed controlled substances prepared by Dr. King were used to explain the basis for the opinions Dr. King offered into evidence. These summaries are not themselves evidence or proof of any facts, so you will not have these particular summaries during your

deliberations. If the summaries do not correctly reflect the facts shown by the evidence, you should disregard the summaries and determine the facts from the underlying evidence.

## CONTROLLED SUBSTANCES - ILLEGAL DISTRIBUTION
## 21 U.S.C. § 841(a)(1); 4.10 KNOWINGLY; 6.11 GOOD FAITH

To sustain the charge of distributing or dispensing unlawfully a controlled substance, as charged in each count of the indictment, the government must prove the following propositions:

First, that the defendant knowingly distributed or dispensed a controlled substance(s);

Second, that the defendant knew that the substance was some kind of controlled substance;

Third, that the defendant distributed or dispensed the controlled substance(s) outside the usual course of professional practice and not for a legitimate medical purpose; and

Fourth, that the defendant did so knowingly and intentionally.

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In the context of this case, this means that the government must prove beyond a reasonable doubt that Dr. Szyman knew that his prescribing of the controlled substance at issue was both outside the usual course of medical practice and not for a legitimate medical purpose.

A licensed physician such as Dr. Szyman is authorized to prescribe drugs only when he is acting as a physician. In making a medical judgment concerning the right treatment for an individual patient, physicians have discretion to choose among a wide range of available options. Therefore, in determining whether Dr. Szyman acted knowingly without a legitimate medical purpose, you should examine all of his actions and the totality of the circumstances surrounding those actions.

Dr. Szyman contends that he prescribed controlled substances in good faith. The offenses charged in the indictment require proof that Dr. Szyman knowingly and intentionally distributed controlled substances outside the usual course of professional practice and not for a legitimate medical purpose. If you find that Dr. Szyman acted in good faith, that would be a complete defense for this charge because good faith on the part of Dr. Szyman would be inconsistent with his acting knowingly and intentionally. A person acts in good faith when he or she has an honestly held belief of the truth of the statements being given to him even though the belief turns out to be inaccurate or incorrect. Good faith in this context means good intentions and the honest exercise of professional judgment as to a patient's medical needs.

Dr. Szyman does not have the burden of proving good faith. Good faith is a defense because it is inconsistent with the requirement of the offenses that he acted knowingly and intentionally. As I have instructed you, the government must prove Dr. Szyman's mental state beyond a reasonable doubt. In deciding whether the Government proved that Dr. Szyman acted knowingly and intentionally, or instead whether Dr. Szyman acted in good faith, you should consider all the evidence presented in the case that may bear on Dr. Szyman's state of mind.

If you find from the evidence that the government failed to prove beyond a reasonable doubt that Dr. Szyman acted knowingly or intentionally, or that the government failed to prove any other element as to any one of the counts, you must find Dr. Szyman not guilty as to that count. If, on the other hand, you find that the government proved beyond a reasonable doubt each of the elements as to any count, then you should find Dr. Szyman guilty as to that count.

One further point should be kept in mind. In your experiences, some of you may be familiar with or have heard of medical malpractice or the standard of care. This is not a medical malpractice case. Those terms are used in civil cases when a patient is seeking damages. Medical malpractice

7

is the unwarranted departure from generally accepted standards of medical practice allegedly resulting in injury to a patient. This, however, is a criminal case, and you must apply the instructions I am giving to you now and determine whether Dr. Szyman distributed or dispensed a controlled substance outside the usual course of professional practice and not for a legitimate medical purpose. You are not deciding whether Dr. Szyman should be liable for medical malpractice.

### DEFINITION OF DISTRIBUTE, DISPENSE AND PRACTITIONER
### 21 U.S.C. §§ 802(10), (11), (21)

The term "distribute" means to deliver a controlled substance, other than by administering or dispensing that substance, and that includes issuing a prescription.

The term "dispense" means to deliver a controlled substance to an ultimate user by a practitioner or pursuant to the lawful order of a practitioner. Dispensing includes filling a prescription issued by a practitioner.

The term "practitioner" means a physician or other person who is licensed, registered, or otherwise permitted by the United States or the jurisdiction in which he practices, to distribute or dispense controlled substances in the usual course of professional practice.

### DEFINITION OF CONTROLLED SUBSTANCE
### Title 21, United States Code, Section 841(a)(1)

You are instructed that Oxycodone, Amphetamine, Hydrocodone, Hydromorphone, Fentanyl, Methadone, and Morphine are all controlled substances.

### 4.06 SEPARATE CONSIDERATION – ONE DEFENDANT
### CHARGED WITH MULTIPLE CRIMES

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision. You must consider each charge and the

evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

### 3.18 Juror Note-Taking

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

### 4.08 Punishment

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

### Defending Only the Indictment

The defendant is not on trial for any act or conduct not alleged in the Indictment.

### [CLOSING ARGUMENTS]
### PART II – PROCEDURE FOR JURY DELIBERATION

### Closing

Now, members of the jury, the duties of counsel and the court have been performed. The case has been argued by counsel. The court has instructed you regarding the rules of law which should govern you in your deliberations. The time has now come when the great burden of reaching a just, fair, and conscientious decision of this case is to be thrown wholly upon you, the jurors selected for this important duty. You will not be swayed by sympathy, prejudice, or passion. You

will be very careful and deliberate in weighing the evidence. I charge you to keep your duty steadfastly in mind and, as upright citizens, to render a just and true verdict.

## 7.01 JURY DELIBERATIONS

Once you are all in the jury room, the first thing you should do is choose a foreperson or presiding juror. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, MySpace, LinkedIn, YouTube, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

### 7.02 Verdict Form

A verdict form has been prepared for you. You will take these forms with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign each verdict form. Advise the bailiff once you have reached a verdict. When you come back to the courtroom, I will read the verdicts aloud.

### 7.03 Unanimity/Disagreement Among Jurors

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous as to each count. You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict. The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.